Case 4:18-cv-03057   Document 16   Filed on 05/26/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

Delores Marie Landry, §
　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　§
versus §　　　　Civil Action H-18-3057
　　　　　　　　　　　　　　§
Nancy Berryhill, Acting Commissioner of the §
Social Security Administration §
　　　　　　　　　　　　　　§
　　　　　Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

　　The question in this action is whether substantial evidence supports the commissioner's decision that Delores Marie Landry is not disabled under the terms of the Social Security Act. It does.

　　Landry brought this action for judicial review of the commissioner's final decision denying her claims for disability insurance benefits.[1] Both sides have moved for summary judgment.

2. *Standard of Review.*

　　Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision.[2] In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

---

[1] 42 U.S.C. §§ 405(g), 416(i) and 423.

[2] *See Richardson v. Perales*, 402 U.S. 389 (1971).

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary.[3]

3. *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months.[4] Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity.[5]

The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the reviewing officer must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe. Third, the severity of the claimant's impairments must equal the criteria of an impairment listed in 20 CFR. Furthermore, Paragraph B of this section stipulates that mental impairments must result in at least one extreme or two marked limitations in broad areas of functioning which are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and, (d) adapting or managing themselves. Fourth, the reviewing officer determines the claimant's residual functional capacity to perform requirements of her past relevant work. Fifth, the claimant's ability to do other work must be evaluated based on her residual functional capacity, age, education, and work experience.[6]

---

[3] *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

[4] 42 U.S.C. § 423(d)(1)(A).

[5] 42 U.S.C. § 423(d)(2)(A).

[6] 20 C.F.R. §§ 404.1520(a)(4).

4.   *Background.*

On February 25, 2016, Landry applied for disability benefits. In her application, Landry said that she was disabled because of breast cancer, chest pain, and mental disorders. She was treated for breast cancer in 2006 and has been in remission since the chemotherapy treatment and left mastectomy. Landry has also been treated for seizures, chronic liver disease, and anemia. After she submitted her application, Landry was diagnosed with bipolar disorder and stage-three kidney disease. Following a hearing on March 5, 2018, an administrative law judge denied Landry disability benefits.

5.   *Application.*

The officer adhered to the five-step process and properly found that Landry is not disabled.

A.   *Step One*

Landry has not engaged in substantially gainful activity since the alleged onset date. The record shows that, since 2006, she has only worked at Lowe's for one month in 2016.

B.   *Step Two*

The officer identified anemia and affective disorders as medically determinable impairments that are severe. Her other impairments including a seizure disorder, left mastectomy, and chronic liver disease were considered non-severe. Landry's hospital records show that her doctors were managing the symptoms from these impairments with medication. She testified that she was able to do household chores and prepare light meals. Those impairments did not prevent her from performing basic work functions and were correctly categorized as non-severe.

C. *Step 3*

Landry does not have an impairment or combination of impairments that meets the severity of a listed impairment under 20 CFR. Since she was not hospitalized three or more times during a twelve-month period for her anemia, it does not qualify as severe under 7.05.[7]

---

[7] 20 C.F.R. § 404, Subpt. P., App. 1, § 7.05.

-3-

Her mental disorders do not satisfy the criteria of Paragraph B because she does not suffer from an extreme limitation or two marked limitations as a result of those impairments. In 2016, Shitij Kapoor, M.D., diagnosed Landry with bipolar disorder; however, Doctor Kapoor's notes indicate consistent improvement in Landry's mental stability. By December 2017, she was calmer and having more good days than bad days. Based on this progress, the reviewing officer was justified in his decision that her limitations in the broad areas of functioning were mild to moderate.

The reviewing officer addressed the impairments identified in Landry's application. The medical record contains no evidence to support other findings that would warrant disability benefits. Landry's application for disability fails this step.

D. *Step 4*

The officer concluded that Landry has the residual functional capacity to perform medium work, but she is limited to standing, walking, or sitting for only six hours at a time. Additionally, she can not climb ladders, ropes or scaffolds and must avoid exposure to hazardous machinery. His conclusion reflects the evidence in the record and accounts for the limitations described under the Paragraph B analysis.

Although Landry's medically determinable impairments could reasonably be expected to cause her symptoms, her statements about the intensity, persistence, and limiting effects of her symptoms are largely inconsistent with her medical record. Landry described extreme limitations on daily life; however, her physical and mental status exams have been normal. In addition, she made conflicting statements about the side effects of her medications. While she repeatedly claimed that she did not have side effects, she also stated that her medications made her drowsy, rendering her unable to work.

The reviewing officer directly addressed Landry's fatigue from anemia and limited her residual functional capacity accordingly. Contrary to the state-agency opinion in the record, the reviewing officer found that the symptoms caused by her anemia were severe. Based on this, he limited Landry's exertion level in his conclusion.

The evidence in Landry's medical record shows that her mental impairments do not limit her ability to work. Although there is a conflicting report from her psychologist – Trista Huckleberry, Ph.D.

– Doctor Kapoor's repeated assessments show steady mental improvement over time. The reviewing officer explained that Doctor Huckleberry's opinion was based on subjective comments by Landry that were not consistent with her mental status exams, which were normal; therefore, he properly granted less weight to Doctor Huckleberry's report. Landry is able to function despite her mental impairments.

E.   *Step 5*

Based on her residual functional capacity, the reviewing officer concluded that Landry could perform her past relevant work as a mail clerk. Cheryl Swisher, a vocational expert, testified that Landry's past work as a mail clerk fit within the limitations of "medium work" and that there are other jobs available that would meet the reviewing officer's criteria. For instance, Swisher suggested that Landry could be a laundry worker or a kitchen aide given her limitations.

6.   *Conclusion.*

The decision of the commissioner denying Delores Marie Landry's claim for disability insurance benefits is supported by substantial evidence and will be affirmed.

Signed on May  26 , 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge